# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN E. FIELDS, | CASE NO. 1:09-CV-01771-AWI-DLB PC |
| Plaintiff, | ORDER REQUIRING DEFENDANTS TO RESPOND TO PLAINTIFF'S NOTICE OF VOLUNTARY DISMISSAL OF CERTAIN DEFENDANTS (DOC. 39) |
| v. | |
| MAURICE JUNIOUS, et al., | |
| Defendants. | DEFENDANTS' RESPONSE DUE WITHIN FOURTEEN (14) DAYS |
| | ORDER GRANTING PLAINTIFF LEAVE TO FILE MOTION TO AMEND (DOC. 40) |
| _____ / | PLAINTIFF'S MOTION DUE WITHIN FOURTEEN (14) DAYS |

Plaintiff Kevin E. Fields ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's complaint, filed October 8, 2009, against Defendants Maurice Junious, R. Davis, Dan Leon, Jennifer Jones, L. Cruz, J. Tucker, K. Foley, R. Magvas, S. Marsh, L. Molina, and D. B. Hernandez for deliberate indifference in violation of the Eighth Amendment.

Pending before the Court are: 1) Plaintiff's notice of voluntary dismissal, filed July 11, 2011, and 2) Plaintiff's first amended complaint, filed July 26, 2011.

## I.   Notice Of Voluntary Dismissal

On July 11, 2011, Plaintiff filed notice with the Court that he wished to dismiss Defendants Maurice Junious, R. Davis, Dan Leon, Jennifer Jones, L. Cruz from this action with prejudice. Doc. 39.

Pursuant to Rule 41(a) of the Federal Rules of Civil Procedure, "the plaintiff may dismiss an action without a court order by filing . . . (ii) a stipulation of dismissal signed by all parties

1  who have appeared." Rule 41(a) allows for dismissal of fewer than all named defendants, so

2  long as all claims against the dismissed defendant are dismissed. *See Pedrina v. Chun*, 987 F.2d

3  608, 609-10 (9th Cir. 1993). Defendants have yet to stipulate to dismissal of Defendants

4  Junious, Davis, Leon, Jones, and Cruz from this action. Accordingly, it is HEREBY ORDERED

5  that Defendants are to serve and file a response to Plaintiff's notice of voluntary dismissal within

6  **fourteen (14) days** from the date of service of this order.

7  **II.      First Amended Complaint**

8        On July 26, 2011, Plaintiff filed a first amended complaint. Doc. 40. Pursuant to Rule

9  15(a)(2) of the Federal Rules of Civil Procedure, "a party may amend its pleading only with the

10  opposing party's written consent or the court's leave. The court should freely give leave when

11  justice so requires." While the Court must freely give leave when justice requires, Plaintiff has

12  not moved for leave from the Court to amend his pleadings. *See id.* 7(b)(1) ("A request for a

13  court order must be made by motion."). Plaintiff has also not demonstrated whether Defendants

14  have provided written consent to such amendment.[1]

15        In the interests of justice, the Court will grant Plaintiff leave to serve and file a motion for

16  the Court to grant Plaintiff leave to amend. Accordingly, it is HEREBY ORDERED that

17  Plaintiff is to serve and file a motion for the Court to grant Plaintiff leave to amend, within

18  **fourteen (14) days** from the date of service of this order. Defendants may file opposition to the

19  motion, and Plaintiff may reply, pursuant to Local Rule 230(l). Failure to timely file said motion

20  will result in Plaintiff waiving the opportunity to amend his pleadings.[2]

21        IT IS SO ORDERED.

22     **Dated:     August 12, 2011**                    **/s/ Dennis L. Beck**
                                                    UNITED STATES MAGISTRATE JUDGE
23

24

25        [1] It is unclear whether Plaintiff served Defendants with his amended complaint by mail.

26        [2] The Court has examined Plaintiff's proposed amended complaint. It was amended to

27  remove Defendants  Junious, Davis, Leon, Jones, and Cruz. Plaintiff's claims against the
    remaining Defendants are essentially unchanged. However, Plaintiff now includes the additional

28  state law claim of intentional infliction of emotional distress.