# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN E. FIELDS,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>MAURICE JUNIOUS, et al.,<br><br>　　　　　　Defendants.<br>_____/ | CASE NO. 1:09-CV-01771-AWI-DLB PC<br><br>ORDER DIRECTING CLERK OF THE COURT TO DISMISS DEFENDANTS MAURICE JUNIOUS, R. DAVIS, DAN LEON, JENNIFER JONES, AND L. CRUZ (DOC. 39)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT AND STRIKING AMENDED COMPLAINT (DOC. 42) |

　　Plaintiff Kevin E. Fields ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's complaint, filed October 8, 2009, against Defendants L. Cruz, K. Foley, D. B. Hernandez, Jennifer Jones, Maurice Junious, Dan Leon, R. Magvas, S. Marsh, L. Molina, and J. Tucker. Pending before the Court are: 1) Plaintiff's notice of voluntary dismissal of certain Defendants, filed July 11, 2011, and 2) Plaintiff's motion to amend his complaint, filed August 22, 2011. Docs. 39, 42. The matter is submitted pursuant to Local Rule 230(l).

**I.     Voluntary Dismissal**

　　On July 11, 2011, Plaintiff filed notice of his intent to voluntarily dismiss Defendants Maurice Junious, R. Davis, Dan Leon, Jennifer Jones, and L. Cruz from this action with prejudice. Doc. 39. On August 25, 2011, Defendants filed notice that they do not oppose said dismissal, and stipulate to it. Doc. 43.

1    Accordingly, it is HEREBY ORDERED that the Clerk of the Court is directed to dismiss
2 Defendants Maurice Junious, R. Davis, Dan Leon, Jennifer Jones, and L. Cruz from this action
3 pursuant to Plaintiff's notice of dismissal.

**II.    Motion For Leave To Amend**

Plaintiff moves to amend his pleadings.  Pl.'s Mot., Doc. 42.  Plaintiff refers only to his proposed first amended complaint as support.  Pl.'s Am. Compl., Doc. 40.  Defendants filed an opposition on September 9, 2011.  Defs.' Opp'n, Doc. 44.

"Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" *AmerisourceBergen Corp. v. Dialysis West, Inc.*, 445 F.3d 1132, 1136 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)).  However, courts "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile." *Id.* The factor of "'[u]ndue delay by itself . . . is insufficient to justify denying a motion to amend.'" *Owens v. Kaiser Foundation Health Plan, Inc.*, 244 F.3d 708, 712-13 (9th Cir. 2001) (quoting *Bowles v. Reade*, 198 F.3d 752, 757-58 (9th Cir. 1999)). However, "'[w]here the party seeking amendment knows or should know of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend may be denied,'" *E.E.O.C. v. Boeing, Co.*, 843 F.2d 1213, 1222 (9th Cir. 1988) (quoting *Jordan v. County of L.A.*, 669 F.2d 1311, 1324 (9th Cir. 1982), *vacated on other grounds*, 459 U.S. 810 (1982)), and the "court's discretion to deny leave to amend is particularly broad where the court has already given the plaintiff an opportunity to amend his complaint," *Fidelity Financial Corp. v. Federal Home Loan Bank of San Francisco*, 792 F.2d 1432, 1438 (9th Cir. 1986).

Plaintiff's first amended complaint removes Defendants Junious, Leon, Davis, Jones, and Cruz, and adds a claim for intentional infliction of emotional distress, a state law claim. Defendants contend that Plaintiff provides no rationale whatsoever for amendment now.  The Court agrees with Defendants.  Plaintiff's claim for intentional infliction of emotional distress could have been filed in his operative pleading as it derives from the same alleged facts as Plaintiff's Eighth Amendment claim.  However, Plaintiff did not file the claim then.  The alleged

2

1  facts have not substantively changed.

2    Plaintiff also may not amend as a matter of course, as Plaintiff's proposed amended
3  complaint was filed well after Defendants had filed a responsive pleading.  *See* Fed. R. Civ. P.
4  15(a).  The Court finds no good reason has been presented for amendment.    Justice does not
5  require that Plaintiff be allowed to amend his complaint to add another claim.  Plaintiff's first
6  amended complaint will be stricken to avoid confusion.

7    Accordingly, it is HEREBY ORDERED that Plaintiff's motion for leave to amend, filed
8  August 22, 2011, is denied.  Plaintiff's first amended complaint, filed July 26, 2011, is
9  STRICKEN.

10     IT IS SO ORDERED.

11     **Dated:   November 9, 2011**            **/s/ Dennis L. Beck**
                                    UNITED STATES MAGISTRATE JUDGE

3