1

2

3

4
# UNITED STATES DISTRICT COURT

5
EASTERN DISTRICT OF CALIFORNIA

6
KEVIN E. FIELDS,                                    CASE NO. 1:09-cv-01771-AWI-DLB PC

7
               Plaintiff,                ORDER GRANTING IN PART AND
DENYING IN PART PLAINTIFF'S MOTION

8
   v.                                          FOR ATTENDANCE OF INCARCERATED
WITNESSES

9
MAURICE JUNIOUS, et al.,
                                  ECF No. 94

10
             Defendants.

11
                               /

12
      Plaintiff Kevin E. Fields ("Plaintiff") is a prisoner proceeding pro se and in forma

13
pauperis in this civil action pursuant to 42 U.S.C. § 1983.  Plaintiff is in the custody of the

14
California Department of Corrections and Rehabilitation ("CDCR").  This action proceeds

15
against Defendants Hernandez, Molina, Marsh, and Tucker for deliberate indifference to

16
Plaintiff's conditions of confinement in Plaintiff's cell in violation of the Eighth Amendment.

17
On March 18, 2013, Plaintiff filed a motion requesting the attendance of three incarcerated

18
witnesses: inmates Fredrick Finley, Anthony Mack, and Bryan E. Ransom.  On March 29, 2013,

19
Defendants filed their opposition.  ECF No. 99.  The matter is submitted pursuant to Local Rule

20
230(l).

21
      Plaintiff contends that inmates Finley and Mack, who were housed in cells adjacent to

22
Plaintiff, were eye/ear witnesses to Plaintiff's conversations with Defendants Molina, Tucker,

23
and Marsh concerning the conditions in the cell.  Inmate Mack heard all the conversations, while

24
inmate Finley heard all the conversations but one with Defendant Marsh.

25
      Defendants oppose Plaintiff's motion.  They contend that Plaintiff has failed to show that

26
Finley and Mack have relevant, firsthand information about the events because Plaintiff did not

27
specify when or where those conversations took place, what conditions were discussed, and

28
where the witness was located that afforded him the opportunity to see or hear the conversation.

1    Defendants also contend that Plaintiff being allowed to permit both inmates to testify at

2   trial would be cumulative and repetitive, waste time, and result in unnecessary increase of

3   litigation costs because both inmates would provide the same or similar testimony.  Defendants

4   also contend that Plaintiff has not indicated that inmate Finley would be willing testify now, and

5   whether inmate Finley remains incarcerated.

6    The inmate locator provided by the CDCR fails to indicate that an inmate by the name of

7   Fredrick Finley is currently incarcerated.  Thus, Plaintiff's request to transport inmate Finley is

8   denied.  As to inmate Mack, Plaintiff's motion will be granted.  Plaintiff has presented sufficient

9   cause to demonstrate that inmate Mack has relevant testimony.

10    Plaintiff moved for the attendance of Bryan E. Ransom.  Plaintiff contends that inmate

11   Ransom on at least three different occasions between November of 2008 and April of 2009 was

12   an eye/ear witness to Plaintiff's conversations about the deplorable conditions in Plaintiff's cell.

13   Defendants have no objection to the appearance of inmate Ransom.  Plaintiff has presented

14   sufficient cause to demonstrate that inmate Ransom has relevant testimony.

15    Plaintiff also listed inmates Broussard, Hart, Harmon, and Matthews in his pretrial

16   statement as potential witnesses.  Plaintiff did not move for their attendance by motion.  As

17   stated in the Court's Pretrial Order, the Court will not order the attendance of these four inmates.

18    Based on the foregoing, it is HEREBY ORDERED that:

19   1.    Plaintiff's motion for attendance of incarcerated witnesses, filed March 18, 2013,

20        is granted in part and denied in part;

21   2.    Plaintiff's motion is granted as to inmates Anthony E. Mack and Bryan E.

22        Ransom; ans

23   3.    Plaintiff's motion is denied as to inmate Fredrick Finley.

24   IT IS SO ORDERED.

25   Dated:    April 15, 2013                    _____

26                                              SENIOR  DISTRICT  JUDGE

27

28

2