# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN E. FIELDS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MAURICE JUNIOUS, et al.,<br><br>　　　　　Defendants.<br>　　　　　　　　　　　　　　　　／ | CASE NO. 1:09-cv-01771-AWI-DLB PC<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ATTENDANCE OF INCARCERATED WITNESSES<br><br>ECF No. 94 |

　　　　Plaintiff Kevin E. Fields ("Plaintiff") is a prisoner proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983.  Plaintiff is in the custody of the California Department of Corrections and Rehabilitation ("CDCR").  This action proceeds against Defendants Hernandez, Molina, Marsh, and Tucker for deliberate indifference to Plaintiff's conditions of confinement in Plaintiff's cell in violation of the Eighth Amendment. On March 18, 2013, Plaintiff filed a motion requesting the attendance of three incarcerated witnesses: inmates Fredrick Finley, Anthony Mack, and Bryan E. Ransom.  On March 29, 2013, Defendants filed their opposition.  ECF No. 99.  The matter is submitted pursuant to Local Rule 230(l).

　　　　Plaintiff contends that inmates Finley and Mack, who were housed in cells adjacent to Plaintiff, were eye/ear witnesses to Plaintiff's conversations with Defendants Molina, Tucker, and Marsh concerning the conditions in the cell.  Inmate Mack heard all the conversations, while inmate Finley heard all the conversations but one with Defendant Marsh.

　　　　Defendants oppose Plaintiff's motion.  They contend that Plaintiff has failed to show that Finley and Mack have relevant, firsthand information about the events because Plaintiff did not specify when or where those conversations took place, what conditions were discussed, and where the witness was located that afforded him the opportunity to see or hear the conversation.

1

1    Defendants also contend that Plaintiff being allowed to permit both inmates to testify at
2    trial would be cumulative and repetitive, waste time, and result in unnecessary increase of
3    litigation costs because both inmates would provide the same or similar testimony. Defendants
4    also contend that Plaintiff has not indicated that inmate Finley would be willing testify now, and
5    whether inmate Finley remains incarcerated.

6    The inmate locator provided by the CDCR fails to indicate that an inmate by the name of
7    Fredrick Finley is currently incarcerated. Thus, Plaintiff's request to transport inmate Finley is
8    denied. As to inmate Mack, Plaintiff's motion will be granted. Plaintiff has presented sufficient
9    cause to demonstrate that inmate Mack has relevant testimony.

10   Plaintiff moved for the attendance of Bryan E. Ransom. Plaintiff contends that inmate
11   Ransom on at least three different occasions between November of 2008 and April of 2009 was
12   an eye/ear witness to Plaintiff's conversations about the deplorable conditions in Plaintiff's cell.
13   Defendants have no objection to the appearance of inmate Ransom. Plaintiff has presented
14   sufficient cause to demonstrate that inmate Ransom has relevant testimony.

15   Plaintiff also listed inmates Broussard, Hart, Harmon, and Matthews in his pretrial
16   statement as potential witnesses. Plaintiff did not move for their attendance by motion. As
17   stated in the Court's Pretrial Order, the Court will not order the attendance of these four inmates.

18   Based on the foregoing, it is HEREBY ORDERED that:

19   1.   Plaintiff's motion for attendance of incarcerated witnesses, filed March 18, 2013,
20        is granted in part and denied in part;
21   2.   Plaintiff's motion is granted as to inmates Anthony E. Mack and Bryan E.
22        Ransom; ans
23   3.   Plaintiff's motion is denied as to inmate Fredrick Finley.

24   IT IS SO ORDERED.

25   Dated:   April 15, 2013
26                                                              SENIOR DISTRICT JUDGE

2